UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| CINDY E. CLOW | ) |
| | ) |
| v. | ) NO. 2:04-CV-358 |
| | ) |
| JO ANNE B. BARNHARDT, | ) |
| Commissioner of Social Security | ) |

## **MEMORANDUM OPINION**

The plaintiff Cindy E. Clow has filed a motion for a judgment on the pleadings on her complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security Jo Anne B. Barnhardt to deny her application for disability insurance benefits under the Social Security Act. The defendant has filed a motion for summary judgment.

Ms. Clow was born in 1976 and was 27 years old at the time of her administrative hearing. [Tr. 202-03]. She completed ninth grade and has relevant past work experience as a window packer and a machine operator. [Tr. 13, 224]. Ms. Clow alleges she is disabled as of July 15, 2002, from Crohn's disease, depression, and anxiety. [Tr. 13, 52]. Based upon a lack of medical evidence that her severe impairments were severe enough, the Administrative Law Judge [ALJ] found that Ms.

Clow was not disabled as defined by the Social Security Act. [Tr. 17].

Ms. Clow was first diagnosed with probable Crohn's disease in 1994. [Tr. 87].

In June 2001, Ms. Clow was admitted to the hospital for two days with complaints of progressively worsening abdominal pain. [Tr. 89]. She was considered "clinically improved" and "stable" at the time of discharge. [Tr. 89-90].

In early July 2001, Ms. Clow's Crohn's disease was considered in short term clinical remission. [Tr. 102]. In mid July 2001, Ms. Clow underwent a colonoscopy, which she tolerated well. [Tr. 109-10]. In late July 2001, a small bowel image indicated "a very long segment of markedly irregular and string sign distortion of the terminal ileum segment" which was "quite consistent with rather aggressive changes in Crohn's disease." [Tr. 106].

In September 2001, Ms. Clow was admitted to the hospital with diffuse abdominal pain. [Tr. 112-13].

A small bowel image taken in March 2002 indicated one loop of Ms. Clow's distal ileum continued "to manifest some irregularity and displacement of the adjacent bowel loops." [Tr. 104]. The report indicated this was probably "some residual edema or scarring in the mesentery." [*Id.*].

In July 2002, Ms. Clow visited the emergency room with complaints of intractable nausea and vomiting. [Tr. 132]. She had been having regular bowel

2

movements. [*Id.*].

Another small bowel image taken in August 2002 showed findings consistent with active Crohn's disease and severe edematous change of the bowel wall. [Tr. 103]. In late August 2002, Ms. Clow underwent laparoscopic surgery for "control of her vomiting and pain." [Tr. 135, 138]. She was discharged about 10 days later "in excellent condition" and experienced "immediate relief of her pain." [*Id.*].

In January, March, and May 2003, Ms. Clow was given vitamin B injections for a deficiency caused by her Crohn's disease. [Tr. 119, 122].

In January 2003, a small bowel image indicated persistently "abnormal distal ileal small bowel loops which overall [had] an improved appearance in comparison to 2002 and 2001." [Tr. 172].

In June 2003, Ms. Clow was examined by Charlton Stanley, Ph.D., in connection with her application for disability benefits. [Tr. 145-48A]. Ms. Clow told the doctor that her appetite was fair and her weight fluctuated. [Tr. 148]. She recounted feeling useless almost all of the time with moderate levels of anxiety and occasional panic attacks. [Tr. 148]. Dr. Stanley concluded that Ms. Clow appeared to be "capable of understanding fairly detailed or even complex information and would be able to put it to full use in a vocational setting were it not for the fact that she has to flee to the bathroom frequently." [Tr. 148A].

That same month, H. Frank Edwards, Ph.D., determined Ms. Clow had mild restrictions of activities of daily living, mild difficulties in maintaining social functioning, and mild difficulties in maintaining concentration, persistence, or pace. [Tr. 159].

In July 2003, Ms. Clow saw her doctor with complaints of stomach pain, diarrhea, and vomiting. [Tr. 114]. At the time, she was 18 weeks pregnant, and the doctor indicated the vomiting was related to the pregnancy. [Tr. 115]. The doctor indicated Ms. Clow was "occasionally incapacitated secondary to her Crohn's disease flare-ups" of diarrhea and abdominal pain. [Tr. 116]. She did have a distant history of anxiety, but it did not "interfere with her ability to function in her daily activities." [*Id.*]. Finally, the doctor noted that Ms. Clow did not have any difficulty "walking, talking, seeing, sitting, standing" or with her concentration or thought processes. [*Id.*]. A gallbladder ultrasound that same month indicated a borderline thickening of her gallbladder. [Tr. 126].

In September 2003, Dr. Evelyn Davis determined Ms. Clow could occasionally lift/carry 50 pounds, frequently lift/carry 25 pounds, and sit/stand/walk for six hours out of an eight-hour workday. [Tr. 163]. No other limitations or restrictions were established.

In March 2004, Ms. Clow's doctor noted that she was supposed to have stool

4

studies and blood tests completed, but she had yet to do so. [Tr. 177]. In addition, she failed to keep her last appointment for a colonoscopy. [*Id.*].

At Ms. Clow's administrative hearing held on April 14, 2004, Ms. Clow's testimony was received into evidence. [Tr. 201-32]. Ms. Clow testified she was last employed as a traffic control flag person in 2002, and she worked in that position for four to five months. [Tr. 203]. Ms. Clow experienced trouble with the position, however, because she had to use the bathroom at least once an hour. [Tr. 204]. When she was younger, Ms. Clow suffered from Guillain Barré disease and now has some paralysis on the right side of her face and trouble breathing. [Tr. 206, 221]. Her Crohn's disease went into remission during a recent pregnancy, and Ms. Clow testified doctors told her to expect it to return since the baby has been born. [Tr. 207].

Ms. Clow testified her severe symptoms began in 1992. [Tr. 207]. She was diagnosed with Crohn's disease that year and put on steroids in 1993. [Tr. 208]. Ms. Clow testified she experienced many side effects from the intermittent use of steroids, including osteoporosis, fragile teeth, and mood swings. [Tr. 208-09]. She testified she had frequent relapses with her disease. [Tr. 210]. She will be fine for a few months and then begins to vomit and everything she eats "runs right through" her. [Tr. 210]. Because of the Crohn's disease, Ms. Clow does not actually digest her food; consequently, she has vitamin deficiencies and is anemic frequently. [*Id.*]. She does

5

not sleep well at night and often awakes to use the bathroom. [Tr. 211]. She has developed depression and feels like things are hopeless and that she is worthless. [Tr. 214]. Ms. Clow testified that she did not want to have to file for disability, but she has a lot of trouble holding down a job because of her frequent use of the bathroom. [Tr. 213].

The ALJ ruled that Ms. Clow was not disabled because there were "insufficient findings on examination or diagnostic work-up to confirm the presence of an impairment or combination of impairments which meet or equal the criteria of any impairment" she claimed. [Tr. 17]. The ALJ then found that she retained the residual functional capacity [RFC] to perform her past relevant unskilled, light work. [*Id.*].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*,

127 F.3d 525, 528 (6th Cir. 1997).

Ms. Clow requests a judgment on the pleadings and challenges the ALJ's finding that she retained the RFC to perform her past relevant work. Her past relevant work as a window stacker and a machine operator was described as unskilled vocations requiring light physical exertion. [Tr. 19]. The ALJ noted that Ms. Clow's "Crohn's disease may result in occasional abdominal pain, nausea, and fatigue," but he concluded "that these symptoms [were] not of the severity, frequency or duration as to preclude light work activity." [*Id.*]. In addition, there were "no abnormal findings on psychological testing to support the conclusion that [Ms. Clow] could not maintain quality or quantity standards, interact appropriately with other people, or maintain persistence and concentration on tasks for a full workday and workweek." [*Id.*].

There is no evidence in the record to support Ms. Clow's contention that she cannot perform light work. Her doctors have not indicated any mental, psychological, or physical restrictions on her ability to work. [Tr. 116, 148A]. The ALJ noted that he took into consideration Ms. Clow's "allegations of pain and other limitations, as well as the objective medical findings" to craft her RFC of light work. [Tr. 18]. He also "considered the limitations as a result of [her] Crohn's disease in limiting her to

unskilled work." [*Id.*].[1]  There was substantial evidence to support the ALJ's determination that Ms. Clow could perform her past relevant work, which was light and unskilled.

Ms. Clow also argues the ALJ erred in the weight given to her subjective allegations.  The ALJ determined that Ms. Clow's "impairments [] could reasonably be expected to cause her some pain or discomfort, but not to the degree alleged." [Tr. 18].  To support his determination, the ALJ cited medical evidence that Ms. Clow's Crohn's disease was "essentially in remission"; she did not have persistent bloody stools or constant weight loss; and, the most recent examinations showed "only mild intermittent abdominal pain, nausea, vomiting, and fatigue." [*Id.*].  She also maintains "essentially normal bowel movements" and "failed to full comply with treatment recommendations." [*Id.*].  In addition, Ms. Clow reported weekly mood swings, depression, and panic attacks but she did not receive medication from a psychiatrist and was found to have no mental restrictions.  [Tr. 116, 214-15].  There was substantial evidence to support the ALJ's decision that Ms. Clow's allegations of pain or discomfort were less than credible.  Ultimately, however, this court will note that it is not within its purview to revisit issues of credibility.  *Walters*, 127 F.3d at 528.

---

[1] Presumably, the ALJ is, here, considering the impact of her frequent need to use the bathroom on the determination of her RFC.

Accordingly, Ms. Clow's motion for a judgment on the pleadings [Doc. 12] will be denied; the defendant's motion for summary judgment [Doc. 13] will be granted; and this action will be dismissed.

An appropriate order will follow.

ENTER:

                                         s/Thomas Gray Hull
                                         THOMAS GRAY HULL
                                             SENIOR U. S. DISTRICT JUDGE